UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-09-661 |
| | § | (CIVIL ACTION NO. C-10-406) |
| SAMY MENDEZ-RAMIREZ | § | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

On December 22, 2010, the Clerk's office received a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 from Defendant Samy Mendez-Ramirez (Mendez-Ramirez). D.E. 29. The government filed a combined response and motion to dismiss. D.E. 32, 33. Mendez-Ramirez did not file a reply, but instead filed a Motion to Reverse Dismissal Order of 2255. D.E. 34. The Court DENIES Mendez-Ramirez' motion (D.E. 29) because the claims raised do not entitle him to relief, DENIES his Motion to Reverse Dismissal as premature, and additionally, the Court DENIES Mendez-Ramirez a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. BACKGROUND

### A. Criminal Offense

Mendez-Ramirez was found near Los Palos Ranch in Brooks County, Texas in July 2009. When questioned by Border Patrol agents, Mendez-Ramirez admitted that he was a citizen of Guatemala and was here illegally. D.E. 1. He was previously deported in 2004. Id. Mendez-Ramirez was arrested and charged with Illegal Reentry. D.E. 8.

**B.     Criminal Proceedings**

Mendez-Ramirez was appointed counsel the day of his arrest in July 2008. D.E. 4. He later pled guilty, with a plea agreement, to the charge of Illegal Reentry at rearraignment on September 21, 2009. D.E. 18, 35 at 33. At rearraignment he was advised of the maximum punishment of up to twenty years imprisonment, supervised release up to three years, and potential fines and fees. Digital Recording ERO 09/21/2009 at 4:11:10/11:46. He was also advised that his previous felony offenses could increase his offense level up to 16 points. Id. at 4:17:42/4:18:30. Mendez-Ramirez agreed with the factual rendition of his present offense by the government's attorney and entered a plea of guilty. Id. at 4:22:24, 4:25:17/24.

A Presentence Investigation Report (PSR) was prepared. D.E. 17. Mendez-Ramirez pled guilty in 1997 to one count of Rape 3d degree in New York. According to the PSR, the victim was 13 years old. Mendez-Ramirez was sentenced to five years probation, his probation was revoked in 2003, he was sentenced to one year imprisonment, and then deported in 2004. Mendez-Ramirez returned to the United States and was deported again in 2008, months before his present arrest.

The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). Mendez-Ramirez' New York rape conviction is considered a crime of violence which increased his base offense level by 16 points (U.S.S.G. § 2L1.2(b)(1)(A)) and also added 2 points to his criminal history. Id. at ¶¶ 13, 23. Mendez-Ramirez' offense level was calculated to be 21. Id. at ¶ 21. In addition to the rape conviction, Mendez-Ramirez had other criminal history. Because Mendez-Ramirez was on probation for DWI when he was arrested, 2 additional points were added to his criminal history for a total criminal history of 5 points resulting in application of criminal history

Category III. Id. at ¶¶ 25-27. The Guideline range of imprisonment was calculated to be 46-57 months. Id. at ¶ 52.

At sentencing, counsel for Mendez-Ramirez acknowledged that he had the PSR for at least 35 days and he read it to his client in Spanish line by line. Digital Recording ERO 12/9/2009 at 9:48:17/46. There were no objections to the PSR and Mendez-Ramirez testified there were no mistakes in the PSR. Id. at 9:48:55/59; 9:49:28. Mendez-Ramirez explained that his rape conviction arose out of a consensual relationship with a young woman who misled him about her age and that it was at most a case of statutory rape. Id. at 9:50:39/9:56:10. This Court sentenced Mendez-Ramirez to a high end Guideline sentence of 57 months. D.E. 21-22.

The Court informed Mendez-Ramirez that he had the right to appeal and had the right to appointed counsel on appeal. ERO 12/9/2009 at 9:57:45/51. Mendez-Ramirez testified that he understood his right to appeal. Id.

Mendez-Ramirez did not appeal, but timely filed his motion pursuant to 28 U.S.C. § 2255. D.E. 29.

### III.  MOVANT'S ALLEGATIONS

Mendez-Ramirez raises two related grounds of relief, that his New York rape conviction is not a crime of violence and that the revocation of his probation which resulted in jail time as a result of his inability to pay fines is not an aggravated felony. D.E. 29.

Mendez-Ramirez also filed a motion seeking relief from dismissal of his § 2255 motion. D.E. 34. That motion is DENIED; it is premature. This Court had not ruled on his § 2255 motion at the time he filed his motion (D.E. 34).

## IV.  ANALYSIS

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding." United States v. Payne, 99 F.3d 1273, 1281 (5th Cir. 1996).

### B.  Claims of Error at Sentencing

Mendez-Ramirez' claims are a direct attack on this Court's application of the Sentencing Guidelines. Mendez-Ramirez has defaulted any such claim by failing to raise it on appeal. When a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either 1) cause for his default and actual prejudice; or 2) that he is actually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Mendez-Ramirez makes no showing of cause and prejudice, nor does he allege that he is actually innocent. Accordingly, any claim that the Court erred at sentencing is procedurally barred.[1]

Additionally, claims that the Court erred in applying the sentencing guidelines are not cognizable in § 2255 proceedings. See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (a district court's alleged misapplication of the sentencing guidelines cannot be challenged in a § 2255 motion). Sentencing issues should have been addressed on direct appeal, but Mendez-Ramirez did not appeal.

---

[1] Even if properly before the Court, Mendez-Ramirez could not prevail on his claims. A crime of violence is defined to include listed offenses, including statutory rape or rape in which the victim is legally incapable of giving consent. See U.S.S.G. 2L1.2, Application Note 1(B)(iii). His New York conviction was for rape in the 3d degree pursuant to Penal Law § 130.25. D.E. 20. That statue defines rape in the third degree as,

> A person is guilty of rape in the third degree when: 1. He or she engages in sexual intercourse with another person who is incapable of consent by reason of some factor other than being less than seventeen years old; 2. Being twenty-one years old or more, he or she engages in sexual intercourse with another person less than seventeen years old; or 3. He or she engages in sexual intercourse with another person without such person's consent where such lack of consent is by reason of some factor other than incapacity to consent. N.Y.P.L. § 130.25.

Additionally, Mendez-Ramirez claims that he was not previously convicted of an aggravated felony. An aggravated felony is defined to include "murder, rape, or sexual abuse of a minor." 8 U.S.C. 1101(a)(43)(A). The record of Mendez-Ramirez's conviction confirms that he was convicted pursuant to § 130.25. His statements at sentencing admit he was convicted pursuant to § 130.25(2). Conduct defined in that subsection is considered to be sexual abuse of a minor, which is an aggravated felony. See Ganzhi v. Holder, 624 F.3d 23, 30 (2d Cir. 2010); Mugali v. Ashcroft, 258 F.3d 52, 60-61 (2d Cir. 2001) (holding that conviction pursuant to 130.25 was aggravated felony involving sexual abuse of a minor); see also United States v. Zavala-Sustaita, 214 F.3d 601, 604 (5th Cir. 2000) (child younger than 17 is minor for purposes of sexual abuse of minor). Mendez-Ramirez also claims that his incarceration was for non-payment of fines and fees, rather than for his criminal act. The fines or fees were part of his sentence for rape in the 3d degree. See D.E. 20 (Certificate of Disposition, County Court of the State of New York).

### V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Mendez-Ramirez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).    As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Mendez-Ramirez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Mendez-Ramirez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 29) is DENIED, his motion to reverse dismissal (D.E. 34) is DENIED as premature, and he is also DENIED a Certificate of Appealability.

SIGNED and ORDERED this 24th day of May, 2011.

_____
Janis Graham Jack
United States District Judge